UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 26 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> Secretary of Labor, <br> United States Department of Labor, <br><br>     Plaintiff, <br><br> v. <br><br> MACUILS TIRE AND SERVICE CENTER, LLC <br> and SERGIO MACUIL, SENIOR, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action
No. 4:18cv69-JM

This case assigned to District Judge Moody
and to Magistrate Judge Kay

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings

this action to enjoin the Defendants, Macuils Tire and Service Center, LLC ("Defendant Macuils

Tire") and Sergio Macuil, Senior, (Defendant Macuil, Sr."), from violating the provisions of Sections

7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended,  29 U.S.C.  §§

201, et seq., hereinafter referred to as the Act, and to restrain the Defendants from withholding

payment of overtime compensation found by the Court to be due employees under the Act,  and an

equal amount as liquidated damages due to employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29

U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345

II.

1.   Defendant, Macuils Tire and Service, LLC. ("Defendant Macuils Tire") is now, and at

all times hereinafter mentioned was, a corporation doing business at 14601 Arch Street, Little Rock,

1

Arkansas, 8122 Stagecoach Road, Little Rock, Arkansas, 1205 B South University, Little Rock,

Arkansas, and 9401 Colonel Green Road, Little Rock, Arkansas, within the jurisdiction of this Court.

    2.     Defendant, Sergio Macuil, Senior ("Defendant Macuil, Sr."), is doing business in Pulaski

County at 14601 Arch Street, Little Rock, Arkansas, 8122 Stagecoach Road, Little Rock, Arkansas,

1205 B South University, Little Rock, Arkansas, and 9401 Colonel Green Road, Little Rock,

Arkansas, within the jurisdiction of this Court. Defendant Macuil, Sr. is now, and at all times

hereinafter mentioned was, the owner of Defendant Macuils Tire. He actively manages, supervises

and directs the business affairs and operations of Defendant Macuils Tire. Defendant Macuil, Sr. acts

and has acted, directly and indirectly, in the interest of Defendant Macuils Tire in relation to its

employees and is an employer of these employees within the meaning of the Act. Specifically,

Defendant Macuil, Sr. hired and set rates of pay for employees.

III.

    At all times hereinafter mentioned,  Defendant Macuils Tire is and has been an enterprise

within the meaning of Section 3(r) of the Act, 29 U.S.C. Sec. § 203(r), in that Defendant has

been, through unified operation or common control, engaged in the performance of related

activities for a common business purpose.

IV.

    At all times hereinafter mentioned, Defendant Macuils Tire has been an enterprise engaged in

commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it

has employees handling or otherwise working on goods or materials that have been moved in or

produced for commerce by any person and in that it has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are

separately stated). Specifically, employees are handling tires bought through Gateway Tire located in

2

Batesville, Mississippi.

V.

During the period since February 22, 2015, Defendants have violated and are violating the

provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing

employees in an enterprise engaged in commerce within the meaning of the Act for workweeks longer

than forty hours without compensating such employees for their employment in excess of forty hours

per week at rates not less than one and one-half times the regular rates at which they were employed.

Specifically, certain employees were paid the same hourly rate for all hours worked

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld

by the Defendants from their employees

VII.

During the period since February 22, 2015, Defendants violated the provisions of Sections

11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants have failed to

make, keep and preserve adequate and accurate records of their employees and of the wages, hours,

and other conditions and practices of employment maintained by them as prescribed by the regulations

of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c)

and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their

records failed to show, among other things, the hours worked each day and the total hours worked

each week by many of their employees.

VIII.

Defendants have willfully violated the Act.  A judgment enjoining the alleged violations and

restraining the withholding of overtime compensation found to be due the employees is specifically

3

authorized by Section 17 of the Act, 29 U.S.C. § 217.

IX.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants, Macuils Tire and Service, LLC. and Sergio Macuil, Senior, as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3.      For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4.      For an Order awarding Plaintiff the costs of this action; and

5.      For an Order granting such other and further relief as may be necessary and appropriate.

4

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JAMES E. CULP
Regional Solicitor


MARGARET TERRY CRANFORD
Counsel for Wage and Hour
KARLA JACKSON EDWARDS
Senior Trial Attorney


U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100
(972) 850-3101-fax
cranford.margaret@dol.gov
edwards.karla.j@dol.gov

**EXHIBIT A**

1.  Arriaga, Jessie

2.  Garza, Luis

3.  Gutierrez, Juan

4.  Leyva, Emmanuel

5.  Milla, Jose

6.  Munoz, Pedro

7.  Parra, Cinthia

8.  Ruiz, Julio

9.  Shinn, Heather

10. Valenzuela, Alberto

11. Vallejo, Benjamin

12. Villegas, Aurelio